## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN | ) | |
| INSURANCE GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No: |
| | ) | |
| v. | ) | |
| | ) | |
| ARTHUR WAYNE SINGLETON, | ) | |
| individually, and ISABEL | ) | |
| SINGLETON, individually, | ) | |
| | ) | |
| Defendants. | ) | |

### GREAT AMERICAN INSURANCE GROUP'S COMPLAINT FOR BREACH OF CONTRACT AND INJUNCTIVE RELIEF

COMES NOW, Great American Insurance Group ("Great American" or "Plaintiff") by and through its undersigned counsel, and files this its Complaint for Breach of Contract and Injunctive Relief against Arthur Wayne Singleton, individually and Isabel Singleton, individually (Collectively referred to as "Defendants"), and in support thereof shows the Court as follows:

### PARTIES AND JURISDICTION

### 1.

Plaintiff is a Ohio corporation, qualified and licensed to do business as a commercial surety and is subject to the jurisdiction of this Court. Plaintiff is in the

business of, among other things, issuing performance and payment contract bonds as surety for the performance of construction contracts.

2.

Defendant Arthur Wayne Singleton is a resident of Georgia and may be served at 14 Highway 54 North, Luthersville, Meriwether County, Georgia, 30251.

3.

Defendant Isabel Singleton is a resident of Georgia and may be served at 14 Highway 54 North, Luthersville, Meriwether County, Georgia, 30251.

4.

This Complaint for Breach of Contract and Indemnification is based upon an Agreement of Indemnity and losses suffered in connection with Payment and Performance Bond No:  3819651 ("Bonds") issued for Arthur Wayne Singleton d/b/a Enterprises by Plaintiff.

5.

The Defendant Arthur Wayne Singleton maintains a principal place of business (Arthur Wayne Singleton d/b/a Singleton Enterprises) in Georgia.  The individual Defendants reside in Georgia.  Jurisdiction is proper in this Court.

6.

This Honorable Court possesses original jurisdiction over Great American's Complaint for Breach of Contract and Indemnification pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and the matter in controversy is between citizens of different states.

7.

This Honorable Court possesses the subject matter jurisdiction to declare the respective rights and other legal relations of Great American and the Defendants as requested herein pursuant to 28 U.S.C. § 2201(a).

8.

This Honorable Court possesses the subject matter jurisdiction to award the injunctive relief requested herein pursuant to Rule 65 of the Federal Rules of Civil Procedure.

9.

Personal jurisdiction and venue as to all of the Defendants are proper in this Court pursuant to 28 U.S.C. § 90(b)(3) and 28 U.S.C. § 1391(b)(1) because all of the Defendants reside within the Northern District of Georgia, Newnan Division

## BACKGROUND

### 10.

On or about October 23, 2007, Arthur Wayne Singleton and Isabel Singleton executed an Agreement of Indemnity ("Indemnity Agreement") for the benefit of Great American (sometimes referred to as "Surety").  A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "A".

### 11.

Under the provisions of the Indemnity Agreement titled INDEMNITY/EXONERATION, the Defendants jointly, severally and/or collectively agreed to:

> "…exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind of nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the Undersigned, (2) By reason of the failure of the Undersigned to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement..."

### 12.

Further, under the provisions of the Indemnity Agreement the Defendants jointly, severally and/or collectively agreed that:

"…Payment by reason of the aforesaid causes shall be made to the Surety by the Undersigned, upon demand by the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor[e].  The amount of such payment to the Surety by the Undersigned shall be determined by the Surety and the Surety's demand for payment hereunder may, at the Surety's option, be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with Surety by or on behalf of the Undersigned…"

"…The undersigned acknowledge that the failure of the Undersigned to deposit with the Surety, immediately upon Demand, the sum demanded by the Surety  as payment shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law.  The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of the Undersigned under this Agreement including the obligation to pay to the Surety the sum demanded and hereby waive any claims or defenses to the contrary…"

13.

In consideration of, and in reliance upon Defendants' execution of the aforementioned Indemnity Agreement, Great American as Surety did issue the following Payment and Performance Bonds ("Bonds") identified by project name ("Project") and obligee:

| Project Name | Obligee | Bond No: | Penal Limit |
|---|---|---|---|
| Hanson Marsh Project | United States of America | 3819651 | $135,984.00 |

A true and accurate copy of the above-referenced Payment and Performance Bonds are attached hereto as Exhibit "B" and incorporated herein by reference.

14.

Claims have been asserted against the above-referenced Bonds by persons supplying labor or materials to the Project.  Great American has paid or will pay valid claims against Arthur Wayne Singleton d/b/a Singleton Enterprises and Great American on the above-referenced Bonds. Great American is subrogated to the rights of these claimants against Arthur Wayne Singleton d/b/a Singleton Enterprises, and is therefore entitled to recover from Arthur Wayne Singleton d/b/a Singleton Enterprises said payments.  Great American hereby asserts these rights against Arthur Wayne Singleton d/b/a Singleton Enterprises.

15.

The Surety has demanded and hereby demands that the Defendants indemnify the Surety under the terms of the Indemnity Agreement and to immediately deposit with the Surety collateral in the amount of $125,000, which the Surety has determined as its potential exposure under the above-referenced Bonds.  A true and accurate copy of the Surety's prior demands upon Defendants are attached hereto as Exhibit "C" and Exhibit "D."  The Defendants have failed

and refused to indemnify or to deposit collateral security as required under the Indemnity Agreement.

16.

In addition to the claims pending and paid, Great American has incurred and will continue to incur in the future substantial costs and expenses, including, without limitation, attorney's fees, accountant's fees, and consulting fees in investigating and resolving claims made under the Bonds issued by Great American on Arthur Wayne Singleton d/b/a Singleton Enterprises' behalf. Pursuant to the terms of the Indemnity Agreement, the Defendants are responsible, jointly and severally for payment of these costs and expenses.

**COUNT I – COLLATERAL SECURITY/INJUNCTIVE RELIEF**

17.

The Surety incorporates by reference the allegations set forth in Paragraphs 1 through 16 of this Complaint and realleges same as if fully set forth herein.

18.

Pursuant to the Indemnity Agreement, the Defendants are required to deposit collateral security with the Surety to protect it with respect to any claim made under the Bond. Additionally, per the Indemnity Agreement the Defendants "… acknowledge that the failure of the Undersigned to deposit with the Surety,

immediately upon Demand, the sum demanded by the Surety as payment shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law.  The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of the Undersigned under this Agreement including the obligations to pay to the Surety the sum demanded and hereby waive any claims or defenses to the contrary …" (emphasis supplied).

19.

Defendants should be required by mandatory injunction to deposit collateral security with the Surety in the amount of $125,000.

20.

The Surety will suffer irreparable harm unless Defendants are required to specifically perform the collateral security provision of the Indemnity Agreement because recovery of a money judgment against the Defendants for payment of their indebtedness to the Surety after it is reduced to judgment will not and cannot compensate the Surety for loss of the specific benefit of obtaining and holding valuable security now for the Defendants eventual performance of their indemnity obligations.

21.

Because there is a substantial likelihood of success on the merits of the Surety's action against the Defendants, because it would not be against public interest, and because the Defendants have acknowledged the irreparable harm (as shown in paragraph 26 above), the Surety requests that this Court issue a preliminary injunction requiring the Defendants to deposit $125,000 with Great American.

**COUNT II – SPECIFIC PERFORMANCE OF INDEMNITY AGREEMENT**

22.

The Surety incorporates by reference the allegations set forth in Paragraphs 1 through 21 of this Complaint and realleges same as if fully set forth herein.

23.

The Defendants entered into the Indemnity Agreement under which Defendants agreed to indemnify the Surety for all liabilities, costs and expenses arising by virtue of the Bonds.

24.

Demands have been asserted against the Bonds. These demands have led to the losses described above. The Surety has incurred and continues to incur losses

on the Bonds as a result of the claims on the Bonds.  The Surety anticipates the possibility of further demands and claims being made on the Bonds.

25.

The Defendants have failed and refused to honor their obligations under the Indemnity Agreement.

26.

To date, Great American has incurred expenses and fees and expects in the future to incur additional charges, expenses, costs and fees under the Bonds for which it is entitled to indemnification and reimbursement under the Indemnity Agreement.

27.

Under the Indemnity Agreement, the Defendants are liable to the Surety for all losses, costs, fees and expenses, including consultant and attorneys' fees, which have been incurred and/or will be incurred by in the future in connection with the Indemnity Agreement, the Bonds, and the Project.

28.

The Surety is entitled to specific performance of all its rights and the Defendants obligations under the Indemnity Agreement including, without limitation, exoneration, indemnification and collateral deposit requirements and the

Defendants are required to specifically perform all such obligations. The Surety has and hereby demands such specific performance by Defendants.

## COUNT III – BREACH OF INDEMNITY AGREEMENT

### 29.

The Surety incorporates by reference the allegations set forth in Paragraphs 1 through 289 of this Complaint and realleges same as if fully set forth herein.

### 30.

Pursuant to the Indemnity Agreement, the Defendants are liable to the Surety in the amount of all losses incurred as a result of, or in consequence of, the issuance of the Bonds.

### 31.

Demand has been made and is hereby made upon the Defendants to pay monies, costs, expenses and/or attorneys' fees under the Bonds in the amount of $125,000.

### 32.

The Surety has previously and hereby demands indemnification and collateral security pursuant to the terms of the Indemnity Agreement from the Defendants for all sums, including costs and attorneys' fees, expended or to be expended by the Surety under the Bonds as a result of Arthur Wayne Singleton

d/b/a Singleton Enterprises' actual and/or alleged default of its obligations in the amount of $125,000.

33.

The Defendants have failed and refused to honor their obligations under the Indemnity Agreement to make payment pursuant to the Indemnity Agreement, and to protect the Surety from liability and loss in connection with the issuance of the aforementioned Bonds, and to deposit collateral security with the Surety pursuant to the terms of the Indemnity Agreement.

34.

The Defendants' failure to make the foregoing payments as required under the Indemnity Agreement constitutes a breach of the Indemnity Agreement and as a direct proximate result of said breach, the Surety has incurred damages and liability.

35.

All conditions precedent to the Surety's right to indemnification and collateral security have been performed, waived, satisfied or otherwise excused by the Defendants.  Due to Defendants' breach, the Surety is entitled to damages.

## COUNT IV – EXONERATION

### 36.

The Surety incorporates by reference the allegations set forth in Paragraphs 1 through 35 of this Complaint and reallages same as if fully set forth herein.

### 37.

Great American will be secondarily liable for pending and/or future valid claims asserted against the aforementioned Bonds wherein Arthur Wayne Singleton d/b/a Singleton Enterprises is the principal.

### 38.

Under the equitable doctrine of exoneration, the Surety is entitled, without first paying out any of its own funds, to require Defendants to discharge their obligations under the Indemnity Agreement for exoneration.

### 39.

If Defendants are not required to satisfy demands and/or claims already made or made in the future, the Surety will be forced to incur further expenses.

## COUNT V - COMMON LAW INDEMNITY

### 40.

Great American incorporates by reference the allegations set forth in Paragraphs 1 through 39 of this Complaint and reallages same as if fully set forth herein.

### 41.

Great American is entitled to collateral security and to be indemnified by the Defendants, jointly and severally with respect to the Project and the losses suffered by Great American under the Bonds.

### 42.

The Defendants are in breach of their common law indemnity obligations to Great American.

### 43.

As a result of the Defendants' failure as aforesaid, Great American has and continues to be damaged thereby.

## COUNT VI – OTHER AND FURTHER RELIEF

### 44.

The Surety incorporates by reference the allegations contained in Paragraphs 1 through 44 of this Complaint and realleges same as if fully set forth herein.

45.

The Surety prays for the Court to grant relief Quia Timet, and any and all other equitable relief that it believes just and proper.   Further, the Surety respectfully requests that:

1. That the Defendants be ordered to allow the Surety's representative to inspect all financial and business records to determine the status of Defendants' business and finances, to be deposed by the Surety's counsel immediately on the same subjects;

2. That the Defendants be ordered to post collateral pursuant to the Indemnity Agreement;

3. That the Defendants be ordered not to sell, transfer or dispose of any assets that may be used to satisfy their indemnification obligation; and

4. All other immediate remedies the Court may believe just and proper.

WHEREFORE, the Surety, Great American prays that it has the following relief:

(a) That, as to Counts I and II, Defendants be ordered by mandatory injunction to specifically perform the following pursuant to the Indemnity Agreement:

    (i.) Comply with the collateral deposit requirement of the Indemnity Agreement by depositing at least $125,000 with the Surety;

    (ii.) Exonerate the Surety; and

    (iii.) Indemnify the Surety;

(b) That, as to Counts II, III, IV, V, and VI, this Court enter judgment against Defendants in favor of the Surety in an amount no less than $125,000, plus interest, costs and attorney's fees;

(c)     That this Court issue a preliminary injunction requiring Defendants to deposit collateral security with the Surety in an amount no less than $125,000;

(d)     That the Surety be awarded all costs of this action, including attorneys' fees and such other relief as the Court may deem just and proper.

Respectfully submitted, this 11th day of July, 2012

                                        THOMPSON & SLAGLE, LLC

                                        */s/ John D. Alexander*
                                        DeWitte Thompson
                                        Georgia Bar No:  707688
                                        John D. Alexander
                                        Georgia Bar No:  008887
                                        Attorneys for Plaintiff

12000 Findley Road, Suite 250
Johns Creek, Georgia 30097
(770) 662-5999